UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:02-cr-122-T-24 MAP

ALBERT T. JONES
_____/

**ORDER**

This cause comes before the Court on Defendant Albert T. Jones' Motion to Submit Pending Motion for Reduction of Sentence under Title 18 U.S.C. § 3582(c)(2) (2) as Unopposed. (Doc. 1081) and Defendant's Motion for Final Disposition of Defendant's 18 U.S.C. § 3582(c)(2) Motion Under Amendments 782 and 788. (Doc. 1083).

On or around October 31, 2014, Defendant filed a pro-se motion for a sentence reduction based on United States Sentencing Guidelines ("USSG") Amendment 782. (Doc. 1016). On November 4, 2014, the Court directed the United States Probation Office to review his motion to determine eligibility for a sentence reduction under Amendment 782 and appointed the Federal Public Defender to represent Defendant. (Docs. 1017 & 1018). On November 19, 2014, the Court mooted/struck Defendant's pro-se motion for sentence reduction based on the Court's appointment of counsel. (Doc. 1021).

On November 12, 2015, the United States Probation Office filed an eligibility memorandum stating that Defendant is not entitled to relief under Amendment 782 because after the effect of the Amendment, the drug quantity for which Defendant was held accountable (at least 15 kilograms of cocaine) provides for a base offense level of 32, plus a 4 level increase for organizer/leader, which increases the total offense level to 36. With a criminal history category of III, the resulting guideline

range remains at 235-293 months. Since Defendant's current sentence had been previously reduced to 243 months, on November 18, 2008, Amendment 782 did not lower Defendant's applicable guidelines and he was not eligible for a further reduction. (Doc. 1039). On December 11, 2015, Defendant filed a pro-se response to Probation's Memorandum arguing that he was entitled to a further reduction. (Doc. 1041). On October 24, 2017, Defendant filed a pro-se memorandum in support of his request for a further reduction. (Doc. 1076). On October 31, 2017, the Public Defender filed a consented to motion to withdraw (Doc. 1077), which the Court granted on November 1, 2017 (Doc. 1078). Defendant then filed the two motions that are now before this Court.

The Court, having reviewed Defendant's pro-se motions, the Probation Office's Amendment 782 Eligibility Memorandum, and the court file, concludes that Defendant's motions should be denied. Defendant is not entitled to a sentence reduction as a result of USSG Amendment 782 because the amendment does not have the effect of further lowering Defendant's base offense level or his guideline range or his sentence. After the effect of Amendment 782, Defendant's Guideline range is 235 to 293 months. Defendant's current sentence is 243 months, a sentence at the lower end of the guideline range. Finally, the fact that the Government did not file a response to Defendant's motions does not alter the Court's determination or cause it to consider the motions as unopposed.

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion for Reduction of Sentence under Title 18 U.S.C. § 3582(c)(2) (2) as Unopposed. (Doc. 1081) and Defendant's Motion for Final Disposition of Defendant's 18 U.S. C. § 3582(c)(2) Motion Under Amendments 782 and 788. (Doc. 1083) are DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of January, 2018.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Pro Se Defendant